# Third District Court of Appeal

## State of Florida

Opinion filed April 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0258
Lower Tribunal No. F16-12567
_____

**Elliot Duggans,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Liz Feliz, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and GOODEN, JJ.

LOGUE, J.

Elliot Duggans appeals the revocation of his probation, his sentence for armed robbery and armed kidnapping, and the denial of his motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b). He contends this Court's decision in Foulks v. State, 306 So. 3d 1178 (Fla. 3d DCA 2020), was wrongly decided and urges this Court to recede from its holding. We decline to do so.

Foulks provides that upon revocation of probation, the State may seek to have a defendant sentenced as a prison releasee reoffender ("PRR") pursuant to section 775.082, Florida Statutes, despite the State having initially waived the PRR sentence as part of a negotiated plea agreement with a defendant, if the State can establish the defendant qualified as a PRR at the time of his initial sentencing. Here, the State established that, at the time of Duggans' initial sentencing, he qualified as a PRR. Accordingly, we find no error in this regard and affirm.

Duggans further contends that, even if he was eligible for a PRR sentence after the trial court revoked his probation, his mandatory life sentence must nevertheless be reversed because his eligibility for PRR status was determined by judicial factfinding, which violated his Sixth and Fourteenth Amendment rights as interpreted by the United States Supreme Court in Erlinger v. United States, 602 U.S. 821 (2024). Without reaching the

merits of this argument, we affirm Duggans' sentence based on the record before us because error, if any, was harmless beyond a reasonable doubt.[1] See Jett v. State, 426 So. 3d 596, 597 (Fla. 1st DCA 2025) (affirming without addressing merits of argument where "[b]ased on the uncontroverted evidence, any error in not submitting the PRR determination to a jury was harmless beyond a reasonable doubt," noting, among other things, that the State introduced a certified copy of the Department of Corrections Crime and Time Report, which reflected that "Jett was released from prison less than one month before committing the burglary in this case," and the "State's fingerprint analysis expert testified that the fingerprints on the [Crime and Time Report] matched Jett's fingerprints"); Flournoy v. State, 415 So. 3d 806, 808 (Fla. 2d DCA 2025) (holding that "assuming that the trial court erred by making the findings necessary to impose the [habitual felony offender] and PRR enhancements, rather than leaving those findings to the jury, the error was harmless," where the State met its "burden to prove beyond a

---

[1] We note the Florida Supreme Court has accepted jurisdiction to review the Sixth District's decision in Maye v. State, 368 So. 3d 531 (Fla. 6th DCA 2023), review granted, SC23-1184, 2024 WL 1796831 (Fla. 2024). In Maye, the Sixth District rejected Maye's argument that his sentence as a PRR is unconstitutional because the factual determination to support the PRR designation was made by the trial judge, not the jury. Id. at 532. The Florida Supreme Court heard oral argument in Maye on February 6, 2025. A decision is still pending.

reasonable doubt that the jury's failure to make the necessary findings" for the enhancements did not contribute to Flournoy's sentence where, among other things, "Flournoy's certified department of corrections packet, which detail[ed] all of his prior offenses and release dates, was filed below and is contained in [the appellate] record," and "Flournoy did not dispute his prior record or release dates at sentencing," and "defense counsel conceded at sentencing that Flournoy qualified for the PRR enhancement"); Moore v. State, 418 So. 3d 829 (Fla. 3d DCA 2025) (affirming based on harmless error beyond a reasonable doubt, citing, in part, to Flournoy); Jackson v. State, 410 So. 3d 4, 11 (Fla. 4th DCA 2025) (finding Erlinger error but concluding it "was harmless beyond a reasonable doubt" where the State "introduced evidence of the convictions, their dates, the dates of release from prison, and the fact that appellant had not been pardoned or any convictions set aside"; "[a]n examination of the qualifying felonies showed that none were convictions pursuant to section 893.13, Florida Statutes"; Jackson "did not object to any of the State's evidence, did not introduce any contrary evidence, and made no argument against the application of the HFO enhancement"); Moore v. State, 424 So. 3d 586, 586-87 (Fla. 5th DCA 2025) ("Appellant claims that having the judge rather than a jury determine the underlying facts of whether he qualified for designation and sentencing as a

4

Habitual Violent Felony Offender pursuant to section 775.084(1)(b), Florida Statutes, is contrary to <u>Erlinger</u> . . . , and thus unconstitutional. We affirm on this issue because *if* there was any error regarding the application of <u>Erlinger</u>, the record before this Court demonstrates conclusively that it was harmless error."); <u>Gray v. State</u>, 422 So. 3d 1289 (Fla. 6th DCA 2025) (affirming without deciding whether sentence is unconstitutional under <u>Erlinger</u> because any error was harmless); <u>see also</u> <u>Erlinger</u>, 602 U.S. at 850 (Roberts, C.J., concurring) ("[V]iolations of th[e] right [to have a jury determine beyond a reasonable doubt whether a defendant's predicate offenses were committed on different occasions for purposes of the Armed Career Criminal Act] are subject to harmless error review.").

Affirmed.